IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02213-BNB

KEITH CLAYTON BROOKS JR.,

　　　　Plaintiff,

v.

ANGEL MEDINA, Warden CDOC, Individually and in his Official Capacity,
DAVID GABRIEL, Captain CDOC, Individually and in his Official Capacity,
MATHILL-AARON, Sergeant CDOC, Individually and in her Official Capacity,
SHIFT COMMANDER 1, Whose True Name is Unknown, Individually and in Their
　　　　Official Capacity,
JULI JOFFE, CDOC, Individually and in her Official Capacity,
JACKSON, Lieutenant, Individually and in his Official Capacity,
JAMES GILLIS, Lieutenant CDOC, Individually and in his Official Capacity,
SHIFT COMMANDER 2, Whose True Name is Unknown, Individually and in Their
　　　　Official Capacity,
SHIFT COMMANDER 3, Whose True Name is Unknown, Individually and in Their
　　　　Official Capacity,
AMY COSNER, Legal Assistant CDOC, Individually and in her Official Capacity,

　　　　Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Keith Clayton Brooks, Jr., is in the custody of the Colorado Department

of Corrections and currently is incarcerated at the Kit Carson Correctional Center in

Burlington, Colorado.  Mr. Brooks, acting *pro se*, filed a Prisoner Complaint pursuant to

42 U.S.C. § 1983 for money damages.  The Complaint is forty pages long and names

ten defendants.  The Court must construe Mr. Brooks's filings liberally because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brooks will be directed to file an Amended Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The Court has reviewed Mr. Brooks' Complaint and finds that he fails to provide a short and plain statement of his claims in

compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.  He has presented his claims in a narrative chronological format that is

repetitive and unnecessarily long.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir.

1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court,

however, will give Mr. Brooks an opportunity to cure the deficiencies in the Complaint by

submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Mr. Brooks must explain (1) what a defendant

did to him; (2) when the defendant did it; (3) how the defendant's action harmed him;

and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown*

*B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Brooks also must assert personal participation by each named defendant in

the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63

(10th Cir. 1976).  To establish personal participation, Mr. Brooks **must show how each**

**named individual caused the deprivation of a federal right**.  *See Kentucky v.*

*Graham*, 473 U.S. 159, 166 (1985) (emphasis added).  There must be an affirmative

link between the alleged constitutional violation and each defendant's participation,

control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d

1053, 1055 (10th Cir. 1993).  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Mr. Brooks

shall file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Mr. Brooks shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Brooks fails to file an Amended Complaint that complies with this Order within the time allowed, the Court will dismiss the Complaint and the action without further notice.

DATED September 17, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge