IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02213-BNB

KEITH CLAYTON BROOKS JR.,

    Plaintiff,

v.

ANGEL MEDINA, Warden CDOC, Individually and in his Official Capacity,
DAVID GABRIEL, Captain CDOC, Individually and in his Official Capacity,
MATHILL-AARON, Sergeant CDOC, Individually and in her Official Capacity,
SHIFT COMMANDER 1, Whose True Name is Unknown, Individually and in Their
    Official Capacity,
JULI JOFFE, CDOC, Individually and in her Official Capacity,
JACKSON, Lieutenant, Individually and in his Official Capacity,
JAMES GILLIS, Lieutenant CDOC, Individually and in his Official Capacity,
SHIFT COMMANDER 2, Whose True Name is Unknown, Individually and in Their
    Official Capacity,
SHIFT COMMANDER 3, Whose True Name is Unknown, Individually and in Their
    Official Capacity,
AMY COSNER, Legal Assistant CDOC, Individually and in her Official Capacity,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

---

    Plaintiff, Keith Clayton Brooks Jr., a prisoner in the custody of the Colorado Department of Corrections, is incarcerated at the Kit Carson Correctional Facility in Burlington, Colorado.  He submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages.

    On September 17, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Brooks to file an amended Prisoner Complaint because he failed to comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure and to allege the personal participation of each named defendant. On October 8, 2013, Mr. Brooks filed an amended Prisoner Complaint (ECF No. 8).

The Court must construe liberally the amended Prisoner Complaint because Mr. Brooks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Brooks' claims in the amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended Prisoner Complaint or any portion of the amended Prisoner Complaint that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part as legally frivolous.

Mr. Brooks asserts nine claims against ten defendants. The claims concern the alleged retaliatory actions of prison officials in response to the exercise of Mr. Brooks'

First Amendment rights.  In claim six, Mr. Brooks also raises a claim for violation of his right to be free from cruel and unusual punishment under the Eighth Amendment.  In claim eight, Mr. Brooks asserts a deprivation of meaningful access to the courts in violation of the First Amendment and Sixth Amendment.  Finally, Mr. Brooks alleges a conspiracy to violate his civil rights against all Defendants in claim nine.

For the reasons stated below, the Court will dismiss claim six and claim nine of the amended Prisoner Complaint as legally frivolous.  The Court will not address the merits of claims one, two, three, four, five, seven, and eight at this time.

### Claim Six

Mr. Brooks alleges that his First and Eighth Amendment rights were violated by Sergeant Mathill-Aaron, Captain Gabriel, and Warden Medina.  In support of his claim, Mr. Brooks alleges that on September 29, 2011, Sergeant Mathill-Aaron denied him lunch when Mr. Brooks held the door open for other prisoners entering the chowhall.  In response, Mr. Brooks filed an emergency grievance against Sergeant Mathill-Aaron.  Mr. Brooks alleges that on October 4, 2011, Sergeant Mathill-Aaron again denied him lunch for the same behavior.  Mr. Books argues that Sergeant Mathill-Aaron's refusal to give him lunch on these two occasions was retaliation for the filing of prison grievances and a state action against prison officials in violation of the First Amendment.  He further argues that Sergeant Mathill-Aaaron acted with deliberate indifference to his health, safety, and well-being by depriving him of meals and that he suffered severe discomfort in violation of the Eighth Amendment.  Mr. Brooks also claims that Captain Gabriel was in a supervisory position to correct the deprivation, and that Warden Medina created a policy or custom of depriving prisoners of meals as a punitive disciplinary measure.

The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). The Eighth Amendment is violated if prison officials act with deliberate indifference to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Mere negligence does not violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990) (deliberate indifference requires a higher degree of fault than negligence or even gross negligence). A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Mr. Brooks fails to allege facts that support an Eighth Amendment claim of cruel and unusual punishment against Sergeant Mathill-Aaron. Adequate food clearly is protected by the Eighth Amendment; however, a claim of cruel and unusual punishment for being denied lunch on two occasions does not rise to the level of a constitutional violation. *See e.g., Hudson,* 504 U.S. at 9 ("extreme deprivations are required to make

4

out a conditions-of-confinement claim.")

Moreover, Mr. Brooks vague and conclusory allegations about the supervisory role of Captain Gabriel and Warden Medina likewise lack merit. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Accordingly, claim six for cruel and unusual punishment against Sergeant Mathill-Aaron, Captain Gabriel, and Warden Medina lacks merit and will be dismissed as legally frivolous.

### Claim Nine

Mr. Brooks alleges that the Defendants acted in concert to violate his constitutional rights. Mr. Brooks fails to allege specific facts to support the existence of the asserted conspiracy. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (noting that conclusory allegations of a conspiracy are not sufficient). Claim nine is legally frivolous and must be dismissed.

For the reasons discussed in this order, the Court will dismiss claim six and claim nine in the amended Prisoner Complaint as legally frivolous. After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that the remaining claims do not appear to be appropriate for summary dismissal. Therefore, the remaining claims will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D.

Accordingly, it is

ORDERED that claim six for violation of the First and Eighth Amendment asserted against Sergeant Mathill-Aaron, Captain Gabriel, and Warden Medina is dismissed pursuant to § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that claim nine for conspiracy to violate civil rights asserted against the Defendants is dismissed pursuant to § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that this case consisting of claims one, two, three, four, five, seven, and eight are drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that Plaintiff's Request for Instruction or Clarification (ECF No. 11) is DENIED as unnecessary. The initial partial filing fee has been received by the Court (ECF No. 12) and the remaining partial payments of the filing fee will be automatically disbursed from his prison account when funds are available.

DATED November 19, 2013, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court