IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–02213–CMA–KMT


KEITH CLAYTON BROOKS, JR.,

      Plaintiff,

v.

ANGEL MEDINA, individually and in his official capacity as Warden, CDOC,
DAVID GABRIEL, individually and in his official capacity as Captain, CDOC,
MATHILL-AARON, individually and in her official capacity as Sergeant, CDOC
SHIFT COMMANDER 1, whose true name is unknown, individually and in their official
capacity,
JULIE JOFFE, individually and in his official capacity as Sergeant, CDOC,
JACKSON, individually and in his official capacity as Lieutenant, CDOC,
JAMES GILLIS, individually and in his official capacity as Lieutenant, CDOC,
SHIFT COMMANDER 2, whose true name is unknown, individually and in their official
capacity,
SHIFT COMMANDER 3, whose true name is unknown, individually and in their official
capacity, and
AMY COSNER, individually and in his official capacity as Legal Assistant, CDOC,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This case involves claims that Defendants violated Plaintiff's First and Fourteenth

Amendment rights.  This matter is before the court on "Defendants' Motion to Dismiss Pursuant

to Fed. R. Civ. P. 12(b)(6) and 12(b)(1)" (Doc. No. 35 [Mot. Dismiss], filed January 24, 2014)

and "Defendant Amy Cosner's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)"[1] (Doc.

---

[1] Defendant Cosner joins the Motion to Dismiss filed by the other defendants.

No. 42, filed February 18, 2014).  Plaintiff filed his response to the motions to dismiss on March 11, 2014.  (Doc. No. 48 [Resp. Mot. Dismiss].)  Defendants did not file a reply.

Also before the court is Plaintiff's "Combined Objection to Dismissal of Claim IX and Motion Requesting Leave to File Second Amended Complaint" (Doc. No. 49 [Mot. Amend]), to which Defendants filed their response on April 14, 2014 (Doc. No. 56 [Resp. Mot. Amend]).  Plaintiff did not file a reply.

These motions are ripe for recommendation and ruling.

## STATEMENT OF THE CASE

Plaintiff is an inmate at the Kit Carson Correctional Facility ("KCCF"), in the Colorado Department of Corrections ("CDOC").  (Prisoner Compl. at 2 [Compl.] [filed October 8, 2013].)  Seven claims remain in this case.  (*See* Doc. No. 13.)  Claims One, Two, Three, Four, Five, and Seven concern the alleged retaliatory actions of prison officials in response to the exercise of Plaintiff's First Amendment rights.  (*See* Compl.)  Claim Eight asserts Plaintiff was deprived of meaningful access to the courts in violation of the First and Sixth Amendments.  (*See id.*)[2] Plaintiff seeks "substantial monetary compe[n]sation, nominal, punitive and exemplary damages."  (*Id.* at 21.)

Defendants move to dismiss Plaintiff's Amended Complaint on the bases that (1) Plaintiff's claims for monetary damages against the defendants in their official capacities are barred; (2) Plaintiff's claims for compensatory and punitive damages fail; (3) Plaintiff fails to state a claim upon which relief may be granted; (4) Plaintiff's Claim Eight is barred by the

---

[2] The court will address in detail Plaintiff's claims below.

statute of limitations; and (4) the defendants are entitled to qualified immunity in their individual capacities.  (*See* Mot.)

## STANDARD OF REVIEW

### 1.    Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### 2.    *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is

not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.*

***3.      Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

**4.      *Amendment of Pleadings***

Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957).

## ANALYSIS

### 1.    *Eleventh Amendment Immunity*

Defendants argue that they, in their official capacities, are immune from Plaintiff's claims to the extent Plaintiff seeks monetary damages.[3]  (Mot. at 3-4.)  The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court.  *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  Suits against state officials in their official capacity should be treated as suits against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007).  Moreover, an action under 42 U.S.C. § 1983 may only be brought against a person.  Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983.  *Will*, 491 U.S. at 70-71.

---

[3] Plaintiff asserts all claims against the defendants in their individual and official capacities.  (*See* Compl. at 1.)

Plaintiff's claims for monetary relief against the defendants in their official capacities constitute claims against the Colorado Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"). Therefore, Plaintiff's official-capacity claims for monetary relief against the defendants are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction. *See id.*

### a.   *Motion to Amend to Add Claims for Declaratory and Injunctive Relief*

In his proposed amended complaint, Plaintiff seeks to add declaratory and injunctive relief. (*See* Doc. No. 49-1 at 30-31.) Defendants do not specifically argue that these amendments should not be allowed. (*See* Resp. Mot. Amend.) The Eleventh Amendment does not immunize Defendants from declaratory and injunctive relief. Citizens may seek injunctive and declaratory relief against individual state defendants sued in their official capacity in federal court to "end a continuing violation of federal law." *See Green v. Mansour*, 474 U.S. 64, 68 (1985) (noting "that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law"); *Neiberger v. Hawkins*, 70 F. Supp. 2d 1177, 1190 (D. Colo. 1999) (concluding that "federal jurisdiction over the individual Defendants in their official capacities for prospective [injunctive] relief is not barred by the Eleventh Amendment and is instead allowed under the *Ex Parte Young* exception"). "[F]ederal court[s] may award an injunction that governs [a state] official's future conduct, but not one that awards retroactive monetary relief." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).

Plaintiff's motion to amend to add requests for declaratory and injunctive relief should be granted.

**2.      *Compensatory Damages***

Defendants move to dismiss on the grounds that Plaintiff has failed to allege a physical injury as required by the Prison Litigation Reform Act ("PLRA") for claims for compensatory damages.

The PLRA provides, in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (applying § 1997e(e) to the plaintiff's First Amendment claim for free exercise of religion). Although § 1997e(e) bars recovery of mental or emotional injury damages absent an allegation of physical injury, it does not bar recovery of punitive damages, declaratory relief, or nominal damages. *Id.* at 881 (noting that punitive damages may be awarded for constitutional violations without a showing of compensable injury); *see also Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 808 (10th Cir. 1999) (holding that nominal damages are available for violations of certain absolute constitutional rights, such as due process, without any showing of actual injury).

The definition of the adjective "physical" is "of or relating to the body." Merriam-Webster's Collegiate Dictionary 935 (11th ed. 2007). The PLRA provides no statutory definition for the term "physical injury." 42 U.S.C. § 1997e *et seq.* While the PLRA requires "physical injury," the threshold may not be particularly high. *See Mitchell v. Horn*, 318 F.3d

523, 534-36 (3d Cir. 2003) ("We therefore follow the approach of the Fifth, Ninth, and Eleventh Circuits in requiring a less-than-significant-but-more-than-*de minimis* physical injury as a predicate to allegations of emotional injury"); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) ("§ 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than *de minimis*."); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (suggesting that the PLRA requirement should be construed consistent with the "well-established Eighth Amendment standard," and must be more than *de minimis*, but need not be significant).

Plaintiff's complaint fails to allege any physical manifestation—even a *de minimis* injury—relating to his body or harm caused to his body by Defendants' actions.  As Plaintiff has failed to plead physical injury, his compensatory relief claims are barred and, thus, properly are dismissed.  However, Plaintiff's claim for nominal damages remains.

### 3.    *Punitive Damages*

Defendants also argue that Plaintiff has failed to allege that he is entitled to punitive damages.  (Mot. Dismiss at 5-6.)  Even without a compensable injury, the PLRA does not bar punitive damages.  *Searles*, 251 F.3d at 880-81 ("as a general rule, punitive damages may be recovered for constitutional violations without a showing of compensable injury").  However, punitive damages are to be awarded as a mechanism to deter and punish when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56 (1983).  Plaintiff's Complaint fails to plausibly allege this level of intent by any of the defendants.  Moreover, though Plaintiff argues that punitive damages are allowed under the PLRA (Resp. Mot. Dismiss at 13), he does not argue that he has alleged sufficient facts to assert a claim for

punitive damages.  Thus, the court agrees that Plaintiff's request for punitive damages should be dismissed.

### 4.      Claim One – Due Process Claim

In Claim One, Plaintiff alleges that his constitutional rights were violated because of his gang or "security threat group" ("STG") identification and the efforts he made to remove the STG identification.  (Compl. at 6-7.)  To the extent Claim One challenges Plaintiff's STG classification, Defendants move to dismiss Plaintiff's Claim One because Plaintiff has no liberty interest in his gang classification.[4]  (Mot. at 6-8.)

"To state a due process claim, [Plaintiff] must allege two elements: (1) that a recognized liberty or property interest has been interfered with by the Defendants, and (2) that the procedures attendant to that deprivation were not constitutionally sufficient."  *Matthews v. Wiley*, 744 F. Supp. 2d 1159, 1170 (D. Colo. 2010) (citing *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989).  Without more, a gang classification does not trigger any due process rights.  *See, e.g., Sparks v. Foster*, 241 F. App'x 467, 471 (10th Cir. 2007) (finding that a state prisoner was not denied procedural due process under the Fourteenth Amendment because he was classified as a gang member; held that the plaintiff did not have a liberty interest in a particular classification).  *See also Muniz v. Moore*, 375 F. App'x 841, 844 (10th Cir. 2010) (holding that an inmate's incorrect classification failed to state a cognizable due process claim "because due process generally does not give prisoners rights to particular classifications").

---

[4] This court does not read Plaintiff's Claim One as a challenge to his STG classification, but rather a claim that the defendants retaliated against him for attempting to have the STG classification removed.  (*See id.* at 6-7.)  Nevertheless the court will address this argument as well as the argument also made by the defendants that any retaliation claim set forth in Claim One should be dismissed.

As such, to the extent Plaintiff alleges he was deprived of due process by his STG classification, Claim One properly is dismissed.

**5.**      ***Claims One, Three, Four, Five, and Seven – Retaliation Claims***

Defendants also move to dismiss Plaintiff's retaliation claims.  It is well-settled that prison officials may not retaliate against or harass an inmate because of the exercise of the inmate's First Amendment rights.  *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (1990)).  Retaliation against an inmate for exercise of his constitutional rights is actionable under 42 U.S.C. § 1983 even if the act would otherwise "have been proper."  *Smith v. Maschner*, 899 F.2d at 948 (quoting *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978)).  The Supreme Court has also recognized, however, that "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."  *Turner v. Safley*, 482 U.S. 78, 84 (1987).  "Accordingly, prisoners' rights may be restricted in ways that would raise grave First Amendment concerns outside the prison context. In particular, when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *Gee*, 627 F.3d at 1187 (internal quotations and citations omitted).

To properly assert a First Amendment claim for retaliation, the plaintiff must allege three elements:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected activity.

*Allen v. Avance*, No. 11-6102, 2012 WL 2763508, at *5 (10th Cir. July 10, 2012) (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007)).  "[A] plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place."  *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998) (internal quotation marks and citation omitted).

   *a.    Claim One*

   In Claim One, Plaintiff alleges his First Amendment rights were violated when Defendant Medina retaliated against him for pursuing the removal of his STG identification.  (Compl. at 6-7.)  Specifically, Plaintiff alleges Defendant Medina executed a mental health referral for Plaintiff's allegedly homicidal actions toward prison staff in order to keep Plaintiff labeled as a security threat and to "chill" Plaintiff from pursuing the challenge to his classification.  (*Id.*)

   The filing of prison grievances qualifies as constitutionally protected activity under the First Amendment.  *Gee*, 627 F.3d at 1189.  Plaintiff alleges he filed grievances in an attempt to get the label STG removed.  (Compl. at 7.)  Thus, Plaintiff has satisfied the first element of a claim for retaliation.  Plaintiff also alleges Defendant Medina executed the mental health referral because of Plaintiff's efforts to have the STG label removed.  (*Id.*)  This allegation is sufficient to satisfy the second element of a retaliation claim.

   Defendants argue that Plaintiff has failed to allege that "but for" the retaliatory motive, the incident complained of would not have occurred.  (Mot. Dismiss at 9.)  Specifically, Defendants argue that Plaintiff does not allege or plead facts establishing that the only reason for Defendant Medina's conduct—the mental health referral—was to keep Plaintiff from being able to engage in protected conduct.  (*Id.*)  "An inmate claiming retaliation must allege specific facts

13

showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson*, 149

F.3d at 1144 (citation omitted). That is, "it is imperative that [a] plaintiff's pleading be factual

and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must

rather allege specific facts showing retaliation because of the exercise of the prisoner's

constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see also Jones

v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his

personal belief that he is the victim of retaliation."). The courts have recognized that, in

retaliation claims, the presentation of circumstantial evidence such as temporal proximity, a

chronology of events, or suspicious timing may be sufficient to support allegations of retaliation.

*See Maschner*, 899 F.2d at 949 (holding that the inmate sufficiently supported retaliation claim

with the "only means available to him—circumstantial evidence of the suspicious timing of his

discipline, coincidental transfers of his witnesses and assistants").

Here, Plaintiff alleges he submitted his request to inspect his prison records in an effort to

challenge his STG label on July 18, 2011. (Compl. at 6, ¶ 1.) Defendant Gillis advised Plaintiff

of the proper procedure to challenge his classification, and on August 16, 2011, Plaintiff

abandoned his challenge, informing Defendant Gillis he "would not follow the established

custom" used by the prison. (*Id.*, ¶ 2.) There is no allegation that Plaintiff was pursuing a

challenge to his STG label or that Plaintiff had otherwise filed grievances related to his

classification when, on August 27, 2011, he was advised that Defendant Medina had executed

the mental health referral. (*Id.*, ¶ 4.) To the contrary, Plaintiff fails to allege when he filed any

grievances related to his STG classification. (*See id.* at 7, ¶ 5.) Thus, the court agrees with the

defendants that Plaintiff's Claim One fails because Plaintiff's allegations do not support an

14

inference that "but for" the retaliatory motive, Plaintiff would not have been received the mental health referral.

Defendants' motion to dismiss Plaintiff's Claim One properly is granted.

### i.      *Motion to Amend Claim One*

Plaintiff seeks to amend Claim One to add facts that might support his claim against Defendant Medina.  (*See* Doc. No. 49-1 at 6-7.)  Plaintiff alleges the mental health professional who advised him that Defendant Medina executed the mental health referral also told Plaintiff, "[o]ff the record," that Defendant Medina has a "tyrant-like demeanor and [is] well known [for his] indifferent disposition towards subordinates and prisoners."  (*Id.* at 7.)  However, this allegation does support an inference that "but for" the retaliatory motive, Plaintiff would not have received the mental health referral.  Plaintiff also alleges he filed a grievance against Defendant Medina <u>after</u> the mental health referral.  (*Id.*)  Thus, Plaintiff has failed to allege that Defendant Medina retaliated against him for filing a grievance.

Because the amendments Plaintiff seeks to make would be futile, Plaintiff's motion to amend Claim One properly is denied.

### b.      *Claim Three*

In Claim Three, Plaintiff alleges Defendants Mathill-Aaron, Gabriel, and Medina retaliated against him in September and October 2011 for a lawsuit and a grievance Plaintiff filed in September 2011.  (*See* Compl. at 9-10.)  Specifically, Plaintiff alleges he filed a state lawsuit against prison officials "for abusing their authority and violating regulations in placing [Plaintiff] on grievance restriction."  (*Id.* at 9, ¶ 1.)  Plaintiff alleges on September 29, 2011, Defendant Mathill-Aaron denied him a lunch for holding the door open for other prisoners entering the

chowhall behind Plaintiff.  (*Id.*, ¶ 2.)  Plaintiff filed an emergency grievance against Defendant

Mathill-Aaron, and on October 4, 2011, Defendant Mathill-Aaron again denied Plaintiff a lunch

for holding the door to the chowhall open for other prisoners.  (*Id.*, ¶¶ 2-3.)

Plaintiff also alleges on October 4, 2011, Defendant Gabriel talked to Plaintiff about the

emergency grievance he had filed, threatened Plaintiff with further penalties, and told Plaintiff

the emergency grievance would not be processed.  (*Id.*, ¶ 4.)  Later that day, Plaintiff was

"arrested" and taken to "deep seg[regation]."  (*Id.*, ¶ 6.)

As to Defendants Mathill-Aaron and Gabriel, based on the temporal proximity of

Plaintiff's interactions with the defendants, Plaintiff's grievances, and Plaintiff's subsequent

placement in segregation, this court finds that Plaintiff has sufficiently alleged a claim for

retaliation.  *See Maschner*, 899 F.2d at 949.

However, as to Defendant Medina, Plaintiff alleges he is the "administrative head" and

therefore is responsible for all actions "upheld or otherwise acquiesced in the punitive prehearing

segregation."  (Compl. at 10, ¶ 11.)  Plaintiff fails to allege any other actions taken by Defendant

Medina.  "Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement

in the alleged constitutional violation."  *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)

(citing *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996)); *Bennett v. Passic*, 545 F.2d

1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a Section

1983 claim." (citations omitted)).  A defendant was personally involved in an alleged

constitutional violation only if there is an "affirmative link" between his or her conduct and the

described violation.  *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir.

2001).  Because of the "affirmative link" requirement, a defendant in a position of general

supervisory authority cannot be held vicariously liable for constitutional violations committed by his or her subordinates.  *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability." (citing *Rizzo v. Goode*, 423 U.S. 362, 376 (1976))); *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991) (" '[T]here is no concept of strict supervisor liability under section 1983.' " (citation omitted)).

Plaintiff has failed to allege that Defendant Medina was personally involved in the retaliation.  Rather, Plaintiff attempts to hold Defendant Medina liable for conduct committed by his subordinates.  Plaintiff has failed to state a retaliation claim against Defendant Medina in Claim Three.

Therefore, Claim Three against Defendants Mathill-Aaron and Gabriel should proceed, but Claim Three against Defendant Medina properly is dismissed.

### i.     *Motion to Amend Claim Three*

Plaintiff seeks to amend Claim Three to add facts that might support his claim against Defendant Medina.  (*See* Doc. No. 49-1 at 13.)  However, Plaintiff still seeks to hold Defendant Medina responsible in his capacity as the administrative head and for his review of the punitive prehearing segregation.  (*See id.*, ¶¶ 12-13.)  Plaintiff has failed to allege Defendant Medina was personally involved in the alleged constitutional violation.  Because the amendments Plaintiff seeks to make would be futile, Plaintiff's motion to amend Claim Three properly is denied.

### c.      Claim Four

In Claim Four, Plaintiff alleges Defendants Joffe, Mathill-Aaron, Jackson, and Medina retaliated against him.  (Compl. at 11-12.)  Specifically, Plaintiff alleges on September 29, 2011, after he filed his state lawsuit on September 26, 2011, Defendant Joffe filed a prison disciplinary report against Plaintiff for Fraud.  (*Id.*, ¶ 3.)  Plaintiff also alleges on October 4, 2011, Defendant Mathill-Aaron filed a prison disciplinary report against Plaintiff for Disobeying a Lawful Direct Order for violating her order to return to his unit after the lunch incident.  (*Id.*, ¶ 4.)  Defendant Jackson was the hearing officer for the hearings on both charges, and Plaintiff was convicted of both charges.  (*Id.*, ¶¶ 3-4.)  Defendant Medina affirmed the convictions.  (*Id.*, ¶ 6.)

As to Defendant Matill-Aaron, again based on the temporal proximity of Plaintiff's interactions with the defendant, Plaintiff's grievance, and the disciplinary proceedings initiated by the defendant, this court finds that Plaintiff has sufficiently alleged a claim for retaliation.  *See Maschner*, 899 F.2d at 949.

As to Defendants Joffe and Jackson, however, Plaintiff has not pleaded sufficient facts to sustain a retaliation claim.  Plaintiff relies on conclusory assertions that Defendant Joffe filed the disciplinary proceeding against him because of "prison grievances" and Plaintiff's "high volume of legal mail" (Compl. at 12, ¶ 8) and that Defendant Jackson found Plaintiff guilty of the disciplinary charges because of the state lawsuit, prison grievances, and letters Plaintiff sent to Defendant Jackson.  (*Id.*, ¶ 7.)  Plaintiff does not allege any specific facts that would support his allegation that these defendants were motivated by their desire to retaliate against him for the state lawsuit or grievances that Plaintiff filed.  *See Strope v. Cummings*, 381 F. App'x 878, 883 (10th Cir. 2010) (affirming summary judgment where inmate had not alleged any evidence

supporting his speculative accusation of retaliation).  Plaintiff also fails to allege any specific

facts that would support an allegation that Plaintiff would not have been subject to disciplinary

charges "but for" these defendants' retaliatory motive.

As to Defendant Medina, Plaintiff again alleges he is liable because he is the

"administrative head" who is "responsible for all disciplinary convictions" and that he affirmed

the fraud and unauthorized possession convictions.  (*Id.* at 11, ¶ 6.)  As explained *supra*, these

allegations are insufficient to state a retaliation claim against Defendant Medina.

Therefore, Claim Four against Defendants Mathill-Aaron should proceed, but Claim Four

against Defendants Joffe, Jackson, and Medina properly is dismissed.

### i.     *Motion to Amend Claim Four*

Plaintiff seeks to amend Claim Four to add facts in support of the claim against

Defendants Jackson, Joffe, and Medina.

As to Defendant Jackson, Plaintiff alleges during the cell shakedowns on May 20, 2011,

and June 10, 2011, a number of items were taken from him.  (Doc. No. 49-1 at 15, ¶ 1.)  Plaintiff

alleges he filed grievances against Defendant Jackson on June 1, 2011, and July 20, 2011.  (*Id.*)

Plaintiff also alleges he filed a notice of intent to file a claim with the Colorado Attorney General

on August 16, 2011.  (*Id.*)  Plaintiff alleges on August 26, 2011, Defendant Jackson called

Plaintiff into the unit office and scolded Plaintiff for filing the notice of intent.  (*Id.*)  Plaintiff

alleges Defendant Jackson was embarrassed when Plaintiff produced copies of the shakedown

slips that showed the items that were taken from his cell.  (*Id.*)  On September 12, 2011, Plaintiff

sent a request for the prison to preserve video records of the shakedowns.  (*Id.*)  Shortly after

these interactions with Plaintiff, Defendants Joffe and Mathill-Aaron filed disciplinary charges

against Plaintiff, and Defendant Jackson presided over the hearings regarding the charges.  (*Id.*, ¶¶ 2-4.)  Plaintiff alleges Defendant Jackson refused to consider evidence of Plaintiff's innocence, and Plaintiff was convicted of both charges.  (*Id.*, ¶¶ 4-7.)  Plaintiff alleges Defendant Jackson found him guilty of the charges because of the prison grievances and lawsuits.  (*Id.*, ¶ 11.)  The court finds that, with these additional facts, Plaintiff has stated a claim of retaliation by Defendant Jackson.

As to Defendant Joffe, Plaintiff still relies on conclusory assertions that Defendant Joffe filed the disciplinary proceeding against him because of various prison grievances, the state lawsuit filed on September 26, 2011, and Plaintiff's "high volume of legal mail."  (*Id.*, ¶ 9.)  Plaintiff still does not allege any specific facts that would support his allegation that Defendant Joffe was motivated by his desire to retaliate against him for the state lawsuit or grievances.  *See Strope*, 381 F. App'x at 883.  Plaintiff also fails to allege any specific facts that would support an allegation that Plaintiff would not have been subject to disciplinary charges "but for" Defendant Joffe's retaliatory motive.

Finally, Plaintiff again seeks to hold Defendant Medina responsible in his capacity as the administrative head and for his approval of the disciplinary proceedings.  (*See id.*, ¶¶ 12-13.)  Plaintiff has failed to allege Defendant Medina was personally liable for the alleged constitutional violated.

Accordingly, Plaintiff's motion to amend Claim Four as to Defendant Jackson should be granted, but because the other amendments Plaintiff seeks to make would be futile, Plaintiff's motion to amend Claim Four as to Defendants Joffe and Medina should be denied.

>            ***d.***     ***Claim Five***

In Claim Five, Plaintiff alleges his constitutional rights were violated because of his "torrid dispute" with the CDOC about his STG label.  (Compl. at 13, ¶ 1.)  Plaintiff alleges he filed grievances and letters, but Defendant Gillis prevented Plaintiff from succeeding in having the label removed from July 18, 2011, through at least October 18, 2011, at which time Defendant Gillis filed a fraudulent disciplinary report charging Plaintiff with "Threats."  (*Id.*)

Again, Plaintiff relies on conclusory assertions that Defendant Gillis filed the disciplinary proceeding against him because of "prison grievances."  (*Id.*)  However, Plaintiff does not allege any specific facts that would support his allegation that Defendant Gillis was motivated to prevent Plaintiff from pursuing a change in his classification or that he was motivated by his desire to retaliate against Plaintiff for filing grievances related to his classification.  *See Strope*, 381 F. App'x at 883.  For instance, Plaintiff fails to allege the dates that the grievances were filed, the contents of the grievances, or the responses to the grievances.  Plaintiff also fails to allege any specific facts that would support an allegation that Plaintiff would not have been subject to disciplinary charges "but for" Defendant Gillis's retaliatory motive.

Plaintiff's Claim Five against Defendant Gillis properly is dismissed.

>            ***i.***     ***Motion to Amend Claim Five***

Plaintiff seeks to amend Claim Five to add additional facts to support the claim. Specifically, Plaintiff alleges in his notice of intent to the Colorado Attorney General, he referenced Defendant Gillis's statements to Plaintiff that he "loves to go to court" and "gets paid to go to court," and Plaintiff also filed a grievance against Defendant Gillis on September 6,

2011.  (Doc. No. 49-1 at 19, ¶ 1.)  Plaintiff alleges Defendant Gillis filed the disciplinary charge against Plaintiff because of Plaintiff's

> request to inspect [his] STG records, letters sent [Defendant Gillis] on August 8, 2011 and September 5, 2011, references to [Defendant Gillis's] predilection toward litigation in the Notice of Intent sent on September 16, 2011, a prison grievance [Plaintiff] filed about [Defendant Gillis's] role in the custom practiced at LCF on September 16, 2011, and [Plaintiff's] verbal protests in meeting with [Defendant Gillis] twice about [Plaintiff's] "security threat" label.

(*Id.* at 20, ¶ 7.)

The court finds that, with these additional facts, Plaintiff has stated a claim of retaliation by Defendant Gillis, and his motion to amend Claim Five should be granted.

### e.    *Claim Seven*

In Claim Seven, Plaintiff alleges he was convicted of unauthorized possession in a disciplinary hearing and that said conviction was later overturned by Lincoln County District Court for failure to present enough evidence.  (Compl. at 15.)  Plaintiff alleges that nearly a year later, and after the Lincoln County District Court had already overturned his disciplinary conviction, Plaintiff was again served with the same disciplinary report for unauthorized possession.  (*Id.*)  Plaintiff alleges that the charges were dismissed by Defendant Jackson on procedural grounds, with no evidence being presented at the hearing.  (*Id.*)

Plaintiff fails to allege he was engaged in any constitutionally protected activity and also fails to allege he suffered any injury or adverse result.  *Allen*, 2012 WL 2763508, at *5. Plaintiff's Claim Seven properly is dismissed.

###### i.    *Motion to Amend Claim Seven*

Plaintiff seeks to amend Claim Seven in an attempt to allege that he was engaged in a constitutionally protected activity and to allege injuries he suffered as a result of the alleged constitutional violation.[5]  (*See* Doc. No. 49-1 at 21-22.)

Specifically, Plaintiff states he filed case numbers 11CV53 and 11CV54 in Lincoln County District Court, and "won" the cases.  (*Id.* at 21, ¶ 1.)  Case number 11CV53 was remanded for a new hearing, but case number 11CV54 was not.  (*Id.*, ¶ 2.)  Plaintiff alleges he was served with a notice of charges on the case that was reversed but not remanded.  (*Id.*, ¶ 3.)  Plaintiff states that prior to the hearing on the charge, Defendant Jackson met with Plaintiff and explained, despite Plaintiff's objections, that "he had no other choice but to initiate the hearing process because it 'was remanded by the court,' but assured [Plaintiff] credit for time served would be imposed at the hearing."  (*Id.*, ¶ 4.)  The hearing proceeded, and the hearing officer dismissed the charge.  (*Id.*)  Plaintiff alleges the "refiling of case #120268 was an action taken solely at the discretion of" Defendant Jackson and was "substantially motivated by the two successful state civil actions reversing disciplinary charges he convicted me of in case #11CV53 and 11CV54."  (*Id.* at 21, ¶ 6.)

The court finds that Plaintiff still fails to allege any specific facts that would support an allegation that Plaintiff would not have been subject to the refiling of the action "but for" Defendant Jackson's retaliatory motive.  To the contrary, Plaintiff alleges that Defendant Jackson believed he had to bring the charge again because of the state court's order.  Because the

---

[5] Plaintiff's Claim Six in his proposed amended complaint is Claim Seven in the currently-operative complaint.  (*See* Compl. at 15; Doc. No. 49-1 at 21-22.)

amendments Plaintiff seeks to make would be futile, Plaintiff's motion to amend Claim Seven

(proposed Claim Six) properly is denied.

**6.      *Claim Two***

Defendants move to dismiss Plaintiff's Claim Two as barred by collateral estoppel and

*res judicata*.  (Mot. Dismiss at 18-21.)  Defendants argue that Plaintiff's allegations in Claim

Two asserted against Defendants Medina and Gabriel are essentially the same allegations and

claims that he made in a state court action that was decided against him.  (*Id.* at 18; *see* Ex. C

["Lincoln County District Court Order", November 14, 2013, *Brooks v. Exec. Dir. of Colo. Dep't*

*of Corrs.*, District Court of Lincoln County, Case No. 11CV45).[6]

On September 28, 2011, Plaintiff filed a "Complaint Pursuant to C.R.C.P. 106.5" seeking

judicial review of two incidents in which Plaintiff's ability to file grievances was restricted.  (*Id.*

at 1.)  The grievance restrictions are the same restrictions which form the basis of Claim Two in

this action, which were entered on May 3, 2011, and September 7, 2011.  (*Id.* at 1, 4.)  In the

Lincoln County District Court case, Plaintiff complained that there was no competent evidence

to impose the first grievance restriction, that the CDOC misconstrued and misapplied its policy

in effectuating the grievance restriction, that Plaintiff's due process rights were violated, and that

there was no competent evidence to impose the first grievance restriction.  (*Id.* at 2.)  The

Lincoln County District Court ruled against Plaintiff, denied his request to reverse the CDOC

imposition of grievance filing restrictions, and dismissed his Complaint.  (*Id.* at 4.)  Plaintiff now

---

[6] Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment.  *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004).  "The court is permitted to take judicial notice of its own files and records, as well as other facts which are a matter of public record."  *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

asserts that the same filing restrictions that were brought before the Lincoln County District

Court were placed upon Plaintiff in retaliation for past grievances he filed.  (*See* Compl. at 8.)

Though sometimes used to refer to the narrower concept of claim preclusion, *res judicata*

traditionally subsumes both claim preclusion and issue preclusion, which is sometimes called

collateral estoppel.  *See e.g. Carter v. City of Emporia*, 815 F.2d 617, n.2 (10th Cir. 1987).  The

Tenth Circuit has stated:

> The doctrines of *res judicata*, or claim preclusion, and collateral estoppel, or issue
> preclusion, are closely related.  *Res judicata* generally applies when there is a
> final judgment on the merits which precludes the parties or their privies from
> relitigating the issues that were decided or issues that could have been raised in
> the earlier action.  A claim is barred by *res judicata* when the prior action
> involved identical claims and the same parties or their privies.  Collateral
> estoppel, however, does not always require that the parties be the same.  Instead,
> collateral estoppel requires an identity of issues raised in the successive
> proceedings and the determination of these issues by a valid final judgment to
> which such determination was essential.

*Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (internal citations and

quotations omitted).  "Both doctrines require that the party or parties against whom the earlier

decision is asserted had a full and fair opportunity to litigate the claim or issue."  *SIL-FLO, Inc.

v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990) (citing *Kremer v. Chemical Constr. Corp.*,

456 U.S. 461, 481 n.22 (1982)).

Since the underlying case arose in the State of Colorado, Colorado law determines the

limits of *res judicata*.  Under Colorado law, *res judicata*, "bars relitigation not only of all issues

actually decided, but of all issues that might have been decided."  *Pomeroy v. Waitkus*, 517, P.

2d 396, 399 (1974); *State Engineer v. Smith Cattle, Inc.*, 780 P.2d 546, 549 (Colo. 1989).  *Res

judicata* operates as a bar to a second action on the same claim as one litigated in a prior

proceeding where "there is a final judgment, identity of subject matter, claims for relief, and parties to the action." *City & Cnty. of Denver v. Block 173*, 814 P.2d 824, 830 (Colo. 1991).

Plaintiff concedes that "Defendant[s'] factual summary in support of their affirmative defense . . . is correct except that they left out plaintiff's motion for post-trial relief was pending." (Resp. Mot. Dismiss at 19.) Plaintiff attaches as Exhibit D to his proposed amended complaint the Lincoln County District Court's Order granting Plaintiff's motion for post-trial relief. (Doc. No. 49-3 at 9.) Though it is unclear whether Plaintiff's case in Lincoln County District Court is still pending, Defendants have the burden of setting forth facts sufficient to satisfy the elements of *res judicata*. *Nwosun v. General Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). Defendants have failed to satisfy their burden of showing that there is a final judgment on the merits in Plaintiff's state case.

Defendants' motion to dismiss Plaintiff's Claim Two properly is denied.

### i.     Motion to Amend Claim Two

Plaintiff seeks to amend Claim Two in such a way that it changes the claim entirely, apparently in attempt to evade Defendants' argument in the motion to dismiss. (*Compare* Compl. at 8, *with* Doc. No. 49-1 at 9-10.) Because this court has not recommended dismissal of Claim Two, however, these amendments are unnecessary, and Plaintiff's motion to amend Claim Two properly is denied as futile.

### 7.     *Claim Eight*

In Claim Eight, Plaintiff asserts claims for retaliation and denial of access to the courts. (*See* Compl. at 16-17.) Defendants argue Plaintiff's Claim Eight is barred by the statute of limitations. Actions brought pursuant § 1983 are subject to the general personal injury limitation

period of the state in which the action arose.  *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir.

1994).  In Colorado, the limitation on a retaliation claim brought pursuant to § 1983 is two years.

See Colo. Rev. Stat. § 13-80-102(1)(g) (creating a two-year limitation period for "[a]ll actions

upon liability created by a federal statute where no period of limitation is provided in said federal

statute" and for "[a]ll other actions of every kind for which no other period of limitation is

provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. §

13-80-102 to a § 1983 claim).  However, federal law, rather than state law, determines when a

cause of action accrues.  *See Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d

963, 968 (10th Cir. 1994).  Pursuant to federal law, "[t]he statute of limitations begins to run

when the plaintiff knows or has reason to know of the existence and cause of the injury which is

the basis of his action."  *Id.* at 969.  That is, "[a] civil rights action accrues when facts that would

support a cause of action are or should be apparent."  *Fratus v. Deland*, 49 F.3d 673, 675 (10th

Cir. 1995) (citations omitted).  Further, once a defendant satisfies his initial burden to show that

a claim is untimely, the burden shifts to Plaintiff to establish a later accrual date of the statute of

limitations or to show that there is a basis to toll the accrual date.  *See Aldrich v. McCulloch*

*Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Plaintiff states he filed a motion for post-conviction relief pursuant to state law on

February 19, 2010.  (Compl. at 16, ¶ 1.)  The Court of Appeals loaned Plaintiff's criminal trial

record to him on February 16, 2011, for sixty days.  (*Id.*, ¶ 2.)  Plaintiff alleges prison staff

allowed him to access the record for only six to seven hours during the sixty-day period.  (*Id.*)

Prior to the sixty-day deadline, Plaintiff informed Defendant Cosner that he would request an

enlargement of time to review the record, but on April 25, 2011, Defendant Cosner told him the

record had been returned.  (*Id.*)  Plaintiff alleges he was advised on May 24, 2011, that his appeal

was denied.  (*Id.*, ¶ 5.)  Plaintiff alleges Defendant Cosner deprived him of meaningful access to

the courts by sabotaging his ability to cite the record and facts that show his appeal was

meritorious.  (*Id.*, ¶ 6.)  Plaintiff also alleges the record was "in the custody of" Defendant

Medina, who authorized Defendant Cosner to return the record.  (*Id.*, ¶ 7.)

The court finds that Plaintiff's claim accrued, at the latest, on or about May 24, 2011,

when Plaintiff learned about the denial of his appeal—the claimed injury.  Thus, Plaintiff was

required to file Claim Eight on or before May 24, 2013.  Plaintiff did not file this case until

August 16, 2013, nearly three months too late.  Therefore, Claim Eight is barred by the relevant

statute of limitations.

Even if Plaintiff's retaliation claim in Claim Eight were not barred by the statute of

limitations, the claim should be denied for failure to state a claim upon which relief can be

granted.[7]  Plaintiff has not pleaded sufficient facts to sustain a retaliation claim.  Again, Plaintiff

relies on conclusory assertions that Defendants Cosner and Medina prevented him from

accessing his trial record because of "prison grievances [Plaintiff] filed against them prior to and

while the record was at LCF."  (Compl. at 17, ¶ 9.)  Plaintiff does not allege any specific facts

that would support his allegation that these defendants were motivated by their desire to retaliate

against him for the any grievances that Plaintiff filed.  *See Strope*, 381 F. App'x at 883.  Plaintiff

also fails to allege any specific facts that would support an allegation that the trial record would

---

[7] Though Defendants have not moved to dismiss Plaintiff's retaliation claim asserted in Claim
Eight, the Court may analyze the sufficiency of the claim pursuant to 28 U.S.C. §
1915(e)(2)(B)(ii).

not have been returned "but for" these defendants' retaliatory motive.  Thus, Plaintiff's retaliation Claim in Claim Eight properly is dismissed.

Plaintiff's denial of access to courts claim also is properly dismissed as to Defendant Medina.  Plaintiff merely alleges Defendant Medina "authorized" Defendant Cosner to return the trial record.  (*Id.* at 16, ¶ 7.)  As explained *supra*, these allegations are insufficient to state a retaliation claim against Defendant Medina.

### i.   *Motion to Amend Claim Eight*

Plaintiff seeks to amend Claim Eight to assert the correct date on which the Colorado Court of Appeals issued its Order denying his appeal.  (Doc. No. 49-1 at 24, ¶ 12.)  Plaintiff now alleges the Court of Appeals denied his appeal on May 24, 2012, and attaches the Order as Exhibit E to his motion to amend.  (*Id.* at ¶ 12 & Ex. E.)  Therefore, Plaintiff's claim actually accrued on or about May 24, 2012, when Plaintiff learned about the denial of his appeal—the claimed injury.  Plaintiff, therefore, was required to file Claim Eight on or before May 24, 2014.  Plaintiff filed this case August 16, 2013, well before the statute of limitations expired.

Plaintiff also seeks to amend Claim Eight to add facts regarding the claims against Defendants Cosner and Medina.  As to the retaliation claim, Plaintiff alleges he filed two grievances against them prior to the sixty-day deadline and that the defendants' actions in depriving him access to the trial records "were substantially motivated by prison grievances [he] kept filing about inadequate access . . . ."  (*Id.* at 23, ¶ 2; 26, ¶ 16.)  Plaintiff also alleges the defendants retaliated against him in an effort to "sabotage [his] ability to obtain post-conviction relief."  (*Id.* at 26, ¶ 16.)  The court finds these conclusory allegations are insufficient to state a claim for retaliation.  *Hall,* 935 F.2d at 1110.  Plaintiff does not allege any specific facts that

would support his allegation that these defendants were motivated by their desire to retaliate against him for filing the grievances.  *See Strope*, 381 F. App'x at 883.

Plaintiff also seeks to amend Claim Seven to add facts against Defendant Medina in support his denial of access to the courts claim.  A plaintiff must allege in the complaint an affirmative link between the alleged constitutional violation and a defendant's participation. *See Stidham*, 265 F.3d at 1157.  To make such a claim, a plaintiff must allege a causal connection or an affirmative link between his constitutional deprivation and "either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  *See Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007) (denial of grievances alone is insufficient to establish personal participation).

Plaintiff alleges the trial record was in the custody and control of Defendant Medina, who was made aware of the inadequate access but "would not increase access through policy amendments."  (Doc. No. 49-1 at 23, ¶ 2.)  Plaintiff also alleges Defendant Medina denied several grievances in which Plaintiff requested that the prison rescind its policies regarding access to the courts.  (*Id.*, ¶ 4.)  Plaintiff fails to allege any action taken by Defendant Medina to violate his right to access the courts, however.  Rather, Plaintiff attempts to assert that Defendant Medina should be held liable because Defendant Cosner told Plaintiff that Defendant Medina was responsible for enforcing the prison policies which caused the trial record to be returned. (*See* Doc. No. 49-1 at 23, ¶¶ 2, 4.)  Plaintiff's motion to amend the denial of access to courts claim against Defendant Medina properly is denied as futile.

Therefore, Plaintiff's motion to amend Claim Eight should be granted to the extent he seeks to correct the date on which the Colorado Court of Appeals issued its Order denying his

appeal and should be denied in all other respects.  After the amendment, Plaintiff's Claim Eight

should proceed on the denial of access to courts claim asserted against Defendant Cosner only.

## 8.   *Qualified Immunity*

Defendants, in their individual capacities, raise the defense of qualified immunity to

Plaintiff's claims.  Whether a defendant is entitled to qualified immunity is a legal question.

*Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).  To overcome the defendants' claim of

qualified immunity, the plaintiff must establish that the defendants' actions violated a

constitutional or statutory right of the plaintiff's and that the right at issue was clearly established

at the time of the defendants' alleged unlawful conduct.  *Albright v. Rodriguez*, 51 F.3d 1531,

1534 (10th Cir. 1995).  "[C]ourts have discretion to decide which of the two prongs of the

qualified immunity analysis should be addressed first in light of the circumstances in the

particular case at hand."  *Id.*  "Qualified immunity is applicable unless" the plaintiff can satisfy

both prongs of the inquiry.  *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir.

2009) (internal quotation marks and citations omitted).

As to Claims One and Seven, which this court has recommended be dismissed in their

entirety, Plaintiff has not established that the defendants violated Plaintiff's constitutional or

statutory rights.  Therefore, Defendants Gillis and Medina are entitled to qualified immunity on

Claim One; and Defendant Jackson is entitled to qualified immunity on Claim Seven.

As to Claim Three asserted against Defendant Medina, Claim Four asserted against

Defendants Joffe and Medina, and Claim Eight asserted against Defendant Medina as to the

retaliation and access to the courts claim and Defendant Cosner as to the retaliation claim,

Plaintiff has not established that the defendants violated Plaintiff's constitutional or statutory rights.  Therefore, these defendants are entitled to qualified immunity as to these claims.

As to the remaining retaliation claims—Claim Two, Three asserted against Defendants Mathill Aaron and Gabriel, Claim Four asserted against Defendant Mathill-Aaron and amended as to Defendant Jackson—the court finds Plaintiff states a plausible claim of First Amendment retaliation.  Moreover, as the law regarding a prisoner's right to file grievances was clearly established at the time of the events in this matter, the court concludes that, at this stage of the litigation, the defendants against whom the remaining retaliations claims are asserted are not entitled to qualified immunity.

Finally, as to Claim Eight asserted against Defendant Cosner, the court has determined Plaintiff states a plausible claim for denial of access to the courts.  The law regarding a prisoner's constitutional right to meaningful access to the courts also was clearly established at the time of the events in this matter.  Thus, the court concludes that, at this stage of the litigation, Defendant Cosner is not entitled to qualified immunity.

## 9.  *Objection to Dismissal of Conspiracy Claim*

Finally, Plaintiff objects to Senior District Judge Lewis T. Babcock's dismissal of Plaintiff's Claim Nine for Conspiracy as legally frivolous.  (Mot. Amend at 2; *see* Order to Dismiss in Part and to Draw Case to a District Judge and Magistrate Judge [Doc. No. 13].)

As no judgment has been entered in this case, the court construes Plaintiff's objection as a motion to reconsider the Order.  The three main grounds that justify reconsideration are "(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d

1005, 1012 (10th Cir. 2000).  A motion to reconsider must, "among other things, present matter that is material and of such importance that it would likely alter the outcome . . . ." *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991).  Put simply, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012.  A motion to reconsider "should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (internal citations and quotation marks omitted).  *Seabron v. American Family Mut. Ins. Co.*, Case No. 11–cv–01096–WJM–KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012).

Senior District Judge Babcock dismissed Plaintiff's conspiracy claim because Plaintiff "fail[ed] to allege specific facts to support the existence of the asserted conspiracy." (Doc. No. 13 at 5 [citing *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983)].)  In his objection, Plaintiff fails to identify any specific facts that support his conspiracy claim.  Moreover, Plaintiff fails to meet any of the standards to reconsider dismissal of the conspiracy claim.  *Servants of the Paraclete*, 204 F.3d at 1012.  As such, Plaintiff's objection/motion to reconsider properly is denied/overruled.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1)" (Doc. No. 35), "Defendant Amy Cosner's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 42), and Plaintiff's "Combined Objection to Dismissal of

Claim IX and Motion Requesting Leave to File Second Amended Complaint" (Doc. No. 49) be **GRANTED** in part and **DENIED** in part as explained *infra* and as follows:

1.      Plaintiff's official-capacity claims for monetary relief against the defendants are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction;

2.      Plaintiff's compensatory relief claims should be dismissed as barred by the PLRA;

3.      Plaintiff's request for punitive damages should be dismissed;

4.      To the extent Plaintiff alleges he was deprived of due process by his STG classification, Claim One should be dismissed;

5.      Plaintiff's Claim One for retaliation should be dismissed;

6.      Plaintiff's Claim Two for retaliation should proceed;

7.      Plaintiff's Claim Three for retaliation should be dismissed as to Defendant Medina but proceed against Defendants Mathill-Aaron and Gabriel;

8.      Plaintiff's Claim Four for retaliation should be dismissed as to Defendant Joffe but should proceed as to Defendant Mathill-Aaron.  Plaintiff should be allowed to amend his complaint in conformance with Claim Four of the proposed amended complaint (Doc. No. 49-1) as to Defendant Jackson, and Claim Four should proceed as to Defendant Jackson.  Because Claim Four is the only claim asserted against Defendant Joffe, she should be dismissed as a defendant;

9.      Plaintiff should be allowed to amend his complaint in conformance with Claim Five of the proposed amended complaint as to Defendant Gillis, and Claim Five should proceed against Defendant Gillis;

10.      Plaintiff's Claim Seven should be dismissed;

11.      Plaintiff should be allowed to amend Claim Eight in conformance with the Claim Seven of the proposed amended complaint to the extent he seeks to correct the date on which the Colorado Court of Appeals issued its Order denying his appeal.  After the amendment, Plaintiff's Claim Eight should proceed on the denial of access to courts claim asserted against Defendant Cosner only.  Plaintiff's Claim Eight for retaliation should be dismissed as to Defendants Medina and Cosner;

12.      Defendants Gillis and Medina should be granted qualified immunity in their individual capacities on Claim One; Defendant Jackson should be granted qualified immunity on Claim Seven; Defendant Medina should be granted qualified immunity on Claim Three; Defendants Joffe and Medina should be granted qualified immunity on Claim Four; Defendant Medina should be granted qualified immunity on Claim Eight for retaliation and denial of access to the courts, and Defendant Cosner should be granted qualified immunity on Claim Eight for retaliation;

13.      Plaintiff's motion to amend to add requests for declaratory and injunctive relief should be granted;

14.      Plaintiff's motion/objection to Senior District Judge Lewis T. Babcock's dismissal of Plaintiff's Claim Nine for Conspiracy as legally frivolous should be denied/overruled;

15.     Plaintiff's motion to amend his complaint in all other respects should be denied.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dates this 14th day of August, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge