IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02213-CMA-KMT

KEITH CLAYTON BROOKS, JR.,

    Plaintiff,

v.

ANGEL MEDINA, Warden CDOC, Individually and in his Official Capacity,
DAVID GABRIEL, Captain CDOC, Individually and in his Official Capacity,
MATHILL-AARON, Sergeant CDOC, Individually and in her Official Capacity,
SHIFT COMMANDER 1, Whose True Name is Unknown, Individually and in
    Their Official Capacity,
JULI JOFFE, CDOC, Individually and in her Official Capacity,
JACKSON, Lieutenant, Individually and in his Official Capacity,
JAMES GILLIS, Lieutenant CDOC, Individually and in his Official Capacity,
SHIFT COMMANDER 2, Whose True Name is Unknown, Individually and in
    Their Official Capacity,
SHIFT COMMANDER 3, Whose True Name is Unknown, Individually and in
    Their Official Capacity, and
AMY COSNER, Legal Assistant CDOC, Individually and in her Official Capacity,

    Defendants.

**ORDER ADOPTING AND AFFIRMING AUGUST 14, 2014
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

    This matter is before the Court on the August 14, 2014 Recommendation by United States Magistrate Judge Kathleen M. Tafoya that the following be granted in part and denied in part: Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) (Doc. # 35), and Defendant Amy Cosner's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 42). Judge Tafoya also recommends that

Plaintiff's Combined Objection to Dismissal of Claim IX and Motion Requesting Leave to File Second Amended Complaint (Doc. # 49) be granted. (Doc. # 61.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 35.) Both Defendants and Plaintiff requested an extension of time to file objections, which the Court granted. (Doc. ## 63, 66.) Thereafter, Defendants filed an objection to Judge Tafoya's Recommendation. (Doc. # 68.) Plaintiff did not timely object to the Recommendation.

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## I. DISCUSSION

Defendants object to Judge Tafoya's recommendation that claims two, three, four, five, and eight move forward against certain Defendants. Defendants also ask that this Court find that if any one of those claims are dismissed for lack of a constitutional violation, Defendants are entitled to qualified immunity, which requires Plaintiff establish that Defendants' actions violated a constitutional or statutory right. *See Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) (the right must also be clearly

established at the time of the defendant's alleged unlawful conduct). The Court will address these contentions in turn.

### A.  CLAIM TWO

Magistrate Judge Tafoya determined that Defendants did not carry their burden to show that *res judicata* barred Plaintiff's second claim because it was unclear whether there was a final judgment on the merits in Plaintiff's state case. However, Defendants have provided an order from the state court stating that it granted Plaintiff's motion for post-trial relief in error. (Doc. # 68-1.) Thus, the judgment in that case is final. Accordingly, Defendants' objection is sustained and claim two is dismissed.

### B.  CLAIMS THREE, FOUR, AND FIVE

Plaintiff asserts several First Amendment retaliation claims, which require that he allege:

> (1) that the plaintiff was engaged in constitutionally protected activity;
> (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected activity.

*Allen v. Avance*, No. 11-6102, 2012 WL 2763508, at *5 (10th Cir. July 10, 2012) (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007)). "[A] plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998) (internal quotation marks and citation omitted).

First, Defendants object to Judge Tafoya's recommendation that Plaintiff's third claim move forward against Defendants Mathill-Aaron and Gabriel. Defendants argue

3

that Magistrate Judge Tafoya's recommendation "essentially holds that, any time an inmate files a grievance or lodges a complaint against corrections personnel, any subsequent disciplinary action would establish an actionable claim for retaliation . . . ." (Doc. # 68 at 4.)  Judge Tafoya concluded that Plaintiff properly stated a claim against Defendants Mathill-Aaron and Gabriel "based on the temporal proximity of Plaintiff's interactions with Defendants, Plaintiff's grievances, and Plaintiff's subsequent placement in segregation . . . ."  (Doc. # 61 at 16.)

The Court disagrees with Defendants' argument that Plaintiff's claim against Defendant Mathill-Aaron is insufficient because Plaintiff fails to state sufficient facts from which the Court can reasonably infer that, but for the grievance Plaintiff filed against her, Plaintiff would not have been disciplined for holding open the chowhall door in violation of her order.  Plaintiff specifically alleges that he previously held the door open for inmates entering the chowhall without incident.  Thus, Plaintiff has alleged facts from which the Court may infer that Defendant Mathill-Aaron disciplined Plaintiff on September 29, 2011 and October 4, 2011, for behavior she did not find objectionable prior to the time Plaintiff filed his state action on September 26, 2011.  *See Smith v. Maschner,* 899 F.2d 940, 948 (10th Cir. 1990) (finding it reasonable to infer that prison officials retaliated against inmate where discipline was in close temporal proximity to inmate's lawsuit and he was not previously disciplined for his alleged infraction).

Likewise, the Court agrees with Magistrate Judge Tafoya that Plaintiff has stated a claim against Defendant Gabriel.  Defendants argue that Plaintiff's "allegations are devoid of any specific facts that would suggest a retaliatory intent." (Doc. # 68 at 7.)

However, in addition to the temporal proximity of prison officials placing Plaintiff in administrative segregation shortly after he filed his state suit, the Tenth Circuit has acknowledged that determinations of a person's intent is a credibility determination typically left to the fact finder. *See Smith,* 899 F.2d at 949. At this stage in the proceedings, construing Plaintiff's pleadings liberally, as this Court must, Plaintiff has sufficiently stated a claim against Defendant Gabriel. Accordingly, Defendants' objections are overruled.

Next, Defendants object to Judge Tafoya's recommendation that Plaintiff's fourth claim for retaliation should move forward against Defendants Mathill-Aaron and Jackson. In so doing, Defendants merely incorporate by reference their arguments regarding Defendant Mathill-Aaron in claim three. Thus, the Court similarly rejects those contentions.

Defendants also argue that Plaintiff has not stated a claim as to Defendant Jackson. They point out that Magistrate Judge Tafoya's recommendation inaccurately states that "Plaintiff alleges that he filed grievances against Defendant Jackson on June 1, 2011 and July 20, 2011." (Doc. # 61 at 19.) Indeed, Plaintiff's proposed amended complaint states only that he filed grievances on these dates, not that the grievances were filed against Defendant Jackson. More problematic is that Plaintiff makes the bare allegation that Jackson was substantially motivated to find him guilty because of grievances he filed and verbal protests he made regarding lost property in July and August 2011, a notice of intent filed in August 2011, and a request to preserve video surveillance, all of which related to a search on May 20, 2011, five months prior to the

disciplinary hearings. By Plaintiff's own admission, the prison reimbursed him for the property lost during the search on September 1, 2011. Plaintiff filed a separate state civil action to challenge the forfeiture of his grievance privileges on September 26, 2011. However, Plaintiff makes no allegation that Defendant Jackson was aware of an ongoing lawsuit when he presided over the October 2011 hearings regarding charges filed by Defendants Joffe and Mathill-Aaron. Although circumstantial evidence such as temporal proximity may be sufficient to support allegations of retaliation, *see Maschner*, 899 F.2d at 949, Plaintiff attempts to connect unrelated events in an effort to maintain his claim against Defendant Jackson. The Court cannot plausibly conclude that retaliation for protected activities occurred based on these events. Thus, Plaintiff does not allege sufficient facts to support his allegation that Defendant Jackson was motivated by his desire to retaliate against Plaintiff for the grievances. Accordingly, Defendants' objection is sustained and the Court dismisses Plaintiff's claim four against Defendant Jackson. In the alternative, because Plaintiff has not established that Defendant Jackson violated a constitutional right, Jackson is entitled to qualified immunity on this claim. *See Albright*, 51 F.3d at 1534; *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001) ("If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendants qualified immunity.")

Defendants also object to Magistrate Judge Tafoya's recommendation that Plaintiff's fifth claim for retaliation move forward against Defendant Gillis. Defendants claim that, although Judge Tafoya determined that Plaintiff's amendments sufficiently state a claim, those same amendments, as well as his original complaint contain other

non-retaliatory reasons for his "Threats" disciplinary charge. Thus, Defendants argue Plaintiff has not alleged that but for filing the grievances, he would not have received a disciplinary charge. The Court disagrees with Defendants' interpretation of Plaintiff's allegations. First, Defendants state that Plaintiff references a letter "which stated he wished to 'fight' corrections officials" regarding a dispute over his security threat classification. (Doc. # 68 at 11.) The implication that Plaintiff threatened prison personnel is based on a misstatement of Plaintiff's complaint, which actually says, "[Defendant] Gillis alleged a handwritten note that I'd 'fight' misconduct of law enforcement was a threat to the safety and security of staff." (Doc. # 8 at 13.) Second, Defendants allege Plaintiff's "'verbal protests' toward Defendant Gillis during meetings regarding his [security threat group ("STG")] label" provide another reason for the disciplinary charge. (Doc. # 68 at 11.) However, Defendants fail to establish how a verbal disagreement over the label can be appropriately construed as a threat. Accordingly, the Court overrules Defendants' objection.

However, in claim five, Plaintiff's only allegations as to the unknown defendant referred to as Shift Commander 2 is that he or she "authorized the disciplinary report to become a charge subjecting [Plaintiff] to vexatious and duplicative disciplinary proceedings." (Doc. # 49-1 at 20.) This allegation is insufficient to allege an affirmative link between his or her conduct and the described violation and Plaintiff has failed to state a claim against Shift Commander 2. *See Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.")

**C.     CLAIM EIGHT**

Judge Tafoya recommended that claim eight[1] be dismissed to the extent Plaintiff alleged a claim for retaliation, but move forward against Defendant Cosner for denying Plaintiff's access to the courts.  Defendants object, arguing that Plaintiff has failed to state an access to the courts claim because he has not alleged facts that show he suffered an actual injury.

An inmate must demonstrate that the alleged denial of legal access caused him injury.  *Lewis v. Casey,* 518 U.S. 343, 351 (1996).  Plaintiff must show that, by denying him access to the law library or materials, prison officials frustrated or impeded his ability to file a non-frivolous direct appeal from his conviction, a habeas corpus petition, or a civil rights claim pursuant to § 1983 "to vindicate basic constitutional rights."  *Lewis v. Clark*, 14-8013, 2014 WL 4197340, at *8 (10th Cir. Aug. 26, 2014) (order and judgment) (quoting *Casey,* 518 U.S. at 351, 354–55 (quotations omitted)).

In his proposed amended complaint, Plaintiff alleges that, because Defendant Cosner denied him access to the trial record, he was unable to cite to the record in his appellate brief and petition for rehearing.  (Doc. # 49-1 at 24.)  However, merely not being able to cite to the record is insufficient to establish that he suffered an actual injury.  *See Casey,* 518 U.S. at 351 (prison officials are not required to ensure prisoner can "*litigate effectively* once in court") (emphasis in original).  Indeed, Plaintiff concedes that the Colorado Court of Appeals stated it would excuse his inability to cite to the record.  The court then determined Plaintiff's claims were not legally meritorious.

---

[1] In Plaintiff's proposed second amended complaint, this claim appears as claim seven.

*See Simkins v. Bruce,* 406 F.3d 1239, 1244 (10th Cir.2005) (the prejudice from the interference with a plaintiff's legal mail must be directly and inextricably tied to the adverse disposition of his underlying case). Because Plaintiff has not established that Defendant Cosner violated a constitutional right, Cosner is entitled to qualified immunity on this claim. *See Albright*, 51 F.3d at 1534.

## II. CONCLUSION

The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Defendants' objection thereto. Based on this *de novo* review, it is ORDERED that, for the reasons set for in this order, the August 14, 2014 Amended Recommendation of United States Magistrate Judge Kathleen M. Tafoya (Doc. # 61) REJECTED in part as to claims two and eight, and claim four as to Defendant Jackson and ADOPTED AND AFFIRMED in all other respects.

Pursuant to the Recommendation and this Order, it is FURTHER ORDERED that:

1. Plaintiff's official capacity claims for monetary relief against Defendants are barred by the Eleventh Amendment and are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

2. Plaintiff's compensatory relief claims are DISMISSED WITHOUT PREJUDICE as BARRED by the PLRA;

3. Plaintiff's request for punitive damages are DISMISSED WITHOUT PREJUDICE;

4. Claim One is DISMISSED WITH PREJUDICE[2];

---

[2] Because Judge Tafoya simultaneously reviewed Plaintiff's "Combined Objection to Dismissal of Claim IX and Motion Requesting Leave to File Second Amended Complaint" (Doc. # 49) and

5. Claim Two is DISMISSED WITH PREJUDICE;

6. Claim Three is DISMISSED WITH PREJUDICE as to Defendant Medina, but will proceed against Defendants Mathill-Aaron and Gabriel;

7. Claim Four is DISMISSED WITH PREJUDICE as to Defendants Joffe and Jackson, but will proceed as to Defendant Mathill-Aaron. Plaintiff may amend his complaint in conformance with Claim Four of the proposed amended complaint (Doc. # 49-1) as to Defendant Mathill-Aaron. Because Claim Four is the only claim asserted against Defendant Joffe, she is dismissed as a defendant;

8. Claim Five is DISMISSED WITH PREJUDICE as to Defendant Shift Commander 2, but will proceed as to Defendant Gillis. Plaintiff may amend his complaint in conformance with Claim Five of the proposed amended complaint (Doc. # 49-1) as to Defendant Gillis. Because Claim Five is the only claim asserted against Defendant Shift Commander 2, he or she is dismissed as a defendant;

9. Claim Seven is DISMISSED WITH PREJUDICE. Because Claims Four and Seven are the only claims asserted against Defendant Jackson, he is dismissed as a defendant;

10. Plaintiff may amend Claim Eight in conformance with Claim Seven of the proposed amended complaint to the extent he seeks to correct the date on which the Colorado Court of Appeals issued its Order denying his appeal. After the amendment, Claim Eight is DISMISSED WITH PREJUDICE;

11. Defendants in their individual capacities are entitled to qualified immunity on the following claims:  Defendants Gillis and Medina on Claim One; Defendant Medina on Claim Three; Defendants Joffe, Medina, and Jackson on Claim Four; Defendant Jackson on Claim Seven; Defendants Medina and Cosner on Claim Eight;

12. Plaintiff's motion to amend to add requests for declaratory and injunctive relief is GRANTED;

---

determined many of Plaintiff's proposed amendments were futile, the Court dismisses those claims with prejudice.

13. Plaintiff's motion/objection to Senior District Judge Lewis T. Babcock's dismissal of Plaintiff's Claim Nine for Conspiracy as legally frivolous is DENIED;

14. Plaintiff's motion to amend his complaint in all other respects is DENIED.

DATED: September 25, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge