IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02213–CMA–KMT

KEITH CLAYTON BROOKS, JR.,

    Plaintiff,

v.

DAVID GABRIEL, individually and in his official capacity as Captain, CDOC,
TRISHA MATHILL-AARON, individually and in her official capacity as Sergeant, CDOC
JAMES GILLIS, individually and in his official capacity as Lieutenant, CDOC,

    Defendants.

**ORDER**

This matter is before the court on Plaintiff's "Motion to Reconsider Order Denying Request for Extension of Time to File Amended Complaint Pursuant to Fed. R. Civ. P. 52(b), 59(e) or 60(b)" (Doc. No. 115 [Mot.], filed March 30, 2015).

Plaintiff seeks reconsideration of this court's Minute Order denying his motion for extension of time to file a motion to amend his complaint. (*See* Mot.) The court must construe the motion to reconsider liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an

intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

In its Minute Order, this court stated the following:

> Plaintiff has been given two previous extensions to file a motion to amend his complaint, based on extensions of time granted to the defendants to submit their discovery responses to Plaintiff. The defendants submitted their responses to Plaintiff on January 22, 2015. Plaintiff waited until February 12, 2015, to mail the present motion for extension of time, which was filed with the court after the deadline of February 12, 2015, to file a motion to amend. Moreover, Plaintiff, though he apparently is unsatisfied with the defendants' responses to his discovery requests, still has not filed a motion to compel or seek further court assistance, despite the fact that his reason for wanting a further extension of time to file an amended complaint is due to the defendants' inadequate responses. The court finds Plaintiff has failed to show good cause, pursuant to Fed. R. Civ. P. 16(b)(4), to further modify the deadline for amending his pleading . . . .

In his motion to reconsider, Plaintiff presents no argument regarding "an intervening change in the controlling law." *Brumark Corp.*, 57 F.3d at 944. Moreover, though Plaintiff argues that Defendant should have been more diligent in its discovery conduct, and that the extensions previously granted to him were due to Defendants' delays, this is not newly discovery evidence and does not demonstrate that the court erred in denying Plaintiff's motion for an extension of time to file his motion to amend the complaint. *See id.* Additionally, the court took the delays by the defendants into account by allowing Plaintiff two previous extensions of time to file his motion to amend the complaint. (*See* Doc. Nos. 93, 97.) Finally, Plaintiff has shown neither that the court has made a "clear error" nor that the court's previous Minute Order must be modified to "prevent manifest injustice." *Brumark Corp.*, 57 F.3d at 944.

Therefore, it is

**ORDERED** that Plaintiff's "Plaintiff's "Motion to Reconsider Order Denying Request for Extension of Time to File Amended Complaint Pursuant to Fed. R. Civ. P. 52(b), 59(e) or 60(b)" (Doc. No. 115) is **DENIED**.  It is further

**ORDERED** that Plaintiff's "Motion for Leave to Amend Prisoner's Complaint" (Doc. No. 118) is **DENIED**.

Dated this 2nd day of April, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge