IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02213-CMA-KMT

KEITH CLAYTON BROOKS, JR.,

    Plaintiff,

v.

ANGEL MEDINA, Warden CDOC, Individually and in his Official Capacity,
DAVID GABRIEL, Captain CDOC, Individually and in his Official Capacity,
MATHILL-AARON, Sergeant CDOC, Individually and in her Official Capacity,
SHIFT COMMANDER 1, Whose True Name is Unknown, Individually and in
    Their Official Capacity,
JAMES GILLIS, Lieutenant CDOC, Individually and in his Official Capacity,
SHIFT COMMANDER 3, Whose True Name is Unknown, Individually and in
    Their Official Capacity, and
AMY COSNER, Legal Assistant CDOC, Individually and in her Official Capacity,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND/ALTER
JUDGMENT OF SEPTEMBER 25, 2014**

---

This matter is before the Court on Plaintiff Keith Brooks' Motion to Amend Findings or Make Additional Findings and Amend Judgment Pursuant to Fed. R. Civ. P. 52(b) in connection with the Court's September 25, 2014 Order adopting and affirming the August 14, 2014 Recommendation by United States Magistrate Judge. (Doc. # 76.)[1]  Because Rule 52(b) is inapplicable, and Plaintiff provides no newly promulgated authority, no new evidence, and no clear error or manifest injustice that warrants

---

[1] Plaintiff's Motion (Doc. # 76) incorrectly states that the Court issued its Order Adopting and Affirming the Recommendation on September 15, 2014.  The correct date is September 25, 2014.  (Doc. # 71.)

reconsideration under Rule 59(e) of the September 25, 2014 Order, Plaintiff's Motion is denied.

## I.   BACKGROUND

Plaintiff, who is *pro se*, filed his complaint based on "retaliatory actions of prison officials at Limon Correctional Facility." (Doc. # 1 at 3.) On September 25, 2014, the Court issued an Order Adopting and Affirming the August 14, 2014 Recommendation of United States Magistrate Judge Kathleen M. Tafoya, (Doc. # 71), which recommended that the Court grant in part and deny in part Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). (Doc. # 61.) Upon receipt of Defendants' timely-filed objections, the Court conducted a *de novo* review of the magistrate judge's recommendations that had been properly objected to.[2] (Doc. # 71.) After a full review of the matter, the Court rejected the Recommendation as to claims two and eight, and claim four as to Defendant Jackson and adopted and affirmed in all other respects.[3] (Doc. # 71 at 9.) Plaintiff now moves this Court to reconsider that determination. (Doc. # 76.) Defendants did not file a response.

## II.   DISCUSSION

Plaintiff filed the instant Motion for Amendment under Fed. R. Civ. P. 52(b), which provides: "the court may amend its findings—or make additional findings—and may amend the judgment accordingly" upon a party's motion filed no later than 28 days

---

[2] Although both Defendants and Plaintiff requested an extension of time to file objections, which the Court granted, Plaintiff did not timely object to the Recommendation. (*See* Doc. # 71 at 2.)
[3] The Court rejected the recommendation as to: claim two because it was barred by *res judicata*; claim eight because not being able to cite to the record in an appellate brief and petition for rehearing is insufficient to establish that Plaintiff suffered an actual injury under an access to the courts claim; and claim four—as to Defendant Jackson—because Plaintiff did not allege sufficient facts to establish that Defendant Jackson violated a constitutional right.

after entry of judgment.  "The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and judgment entered thereon.  A motion made pursuant to Rule 52(b) will be granted only when the moving party can show either manifest errors of law or fact, or newly discovered evidence; it is not an opportunity for parties to relitigate old issues or to advance new theories." *Penncro Assocs. v. Sprint Spectrum L.P. d/b/a Sprint PCS*, No. 04–2549, 2006 WL 1999121, at *2 (D. Kan. July 17, 2006) (internal citations omitted); *Lyons v. Jefferson Bank & Trust*, 793 F. Supp. 989, 991 (D. Colo. 1992), aff'd in part, rev'd in part on other grounds, 994 F.2d 716 (10th Cir. 1993) ("To do otherwise would defeat the compelling interest in the finality of litigation.").  "The party who moves to amend the findings bears the burden of showing that a harmful error has been made.  This burden is especially heavy when the court is asked to reconsider its decision.  The party requesting the change must demonstrate some reason why the court should alter its decision and also must set forth facts or law of a strongly convincing nature."  9 Moore's Federal Practice, § 52.60[4][a] at 52–132, 133 (Matthew Bender 3d ed.).

In the instant case, Rule 52(b) is inapplicable.  The Court issued its order based upon a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  In considering a Rule 12 motion, the Court does not "find" facts, but rather assumes the truth of the factual allegations to determine if the plaintiff has stated a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  Indeed, Rule 52 makes explicit that "the court is not required to

state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. P. 52(a)(3). Therefore, Plaintiff's Motion is improper.

Nevertheless, because the Court must construe Plaintiff's pleadings liberally, the Court will evaluate Plaintiff's claims under Rule 59(e).

A litigant who is subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration under Rule 59(e) are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997). A motion for reconsideration is inappropriate to re-argue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts that were available at the time of the original application. *Paraclete,* 204 F.3d at 1012 (motion to reconsider is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing"). However, a motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's

judgment by arguing that the district court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1244.

In this case, Plaintiff met the time limitation under Rule 59 by filing this motion within twenty-eight days from the entry of judgment. However, Plaintiff provides no newly promulgated authority, no new evidence, and no clear error or manifest injustice that warrants reconsideration of the September 25, 2014 Order.

First, Plaintiff argues that the Court erred in finding *res judicata* bars claim two because an appeal is pending in his state court action. However, Plaintiff made this same argument in his response to Defendants' Motion to Dismiss. Specifically, Plaintiff stated in his response, "due to the pending court judgment, issue preclusion does not apply." Indeed, the Court held in its September 25, 2014 Order that, "Defendants have provided an order from the state court stating that it granted Plaintiff's motion for post-trial relief in error." Plaintiff's disagreement with this Court's resolution of his claim does not entitle it to reconsideration. *See Paraclete*, 204 F.3d at 1012.

Next, Plaintiff contends that the Court misapplied *Lewis v. Casey*, 518 U.S. 343 (1996), because it "qualifie[d] its finding that preventing plaintiff from citing to the record is insufficient to establish an actual injury by relying on a very general statement . . . that prison officials are not required to ensure prisoners can litigate effectively once in court." The Court perceives no such error. *See Fawley v. Johnson*, No. 7:09-CV-0041, 2011 WL 3240537, at *12 (W.D. Va. July 28, 2011) aff'd, 466 F. App'x 187 (4th Cir. 2012) (citing *Lewis* in holding that plaintiff failed to establish a denial of reasonable access to

courts based partly on the fact that he was not trained in the "exact-cite system").  In any event, in the September 25, 2014 Order, the Court determined that, because "Plaintiff concede[d] that the Colorado Court of Appeals stated it would excuse his inability to cite to the record," Plaintiff did not establish that Defendant Cosner violated a constitutional right.

Additionally, Plaintiff asserts that the Court should have addressed his Fourteenth Amendment claims against Mathill-Aaron, Gabriel, Shift Commander 1, and Medina in claim three; against Jackson, Mathill-Aaron, and Aaron in claim four; and against Gillis and Shift Commander 2 in claim five.  However, a motion to reconsider is not a proper vehicle through which to "advance arguments that could have been raised in prior briefing." *Paraclete*, 204 F.3d at 1012.  Plaintiff's additional contentions re-argue issues previously addressed by the Court with supporting facts available at the time the Court issued its opinion.  A disagreement with the court and a mere request that a court rethink a decision it has already made are improper bases for relief under Rule 59(e).  *Id.*

### III.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion to Amend/Alter Judgment of September 25, 2014 (Doc. # 76) is DENIED.  It is

FURTHER ORDERED that Motion for Judgment (Doc. # 125) is DENIED AS MOOT.

DATED: July 13, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge