IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02213–CMA–KMT

KEITH CLAYTON BROOKS, JR.,

    Plaintiff,

v.

DAVID GABRIEL, individually and in his official capacity as Captain, CDOC,
TRISHA MATHILL-AARON, individually and in her official capacity as Sergeant, CDOC
JAMES GILLIS, individually and in his official capacity as Lieutenant, CDOC,

    Defendants.

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

Plaintiff's "Motion to Waive Fees for Written Deposition" (Doc. No. 141, filed June 30, 2015) is DENIED.

First, Plaintiff is required to request leave of the court before taking a non-party's deposition by written question if the parties have not stipulated to the deposition. *See* Fed. R. Civ. P. 31(a)(2)(A). There is no indication that the defendants have stipulated to the depositions of Captain Butcher, Lieutenant Jackson, or Sergeant Joffe. Second, Plaintiff has failed to comply with Fed. R. Civ. P. 31(a)(3). Moreover, Plaintiff does not request leave to depose the witnesses by written question; rather, he seeks only a waiver of the fees related to deposing the witnesses.

Finally, to the extent Plaintiff's request for waiver of the deposition fees is based on Plaintiff's *in forma pauperis* status, 28 U.S.C. § 1915 allows a federal court to waive the filing fee for an indigent prisoner's civil rights complaint and service of process by United States Marshals. However, the statute does not require the court to order financing of the entire action or waiver of fees or expenses for witnesses. "Expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . ." *United States v. MacCollom*, 426 U.S. 317, 321 (1976). Plaintiff thus is financially responsible for fees related to any depositions by written question, including a deposition officer to transcribe the witnesses' testimony. *See* Fed. R. Civ. P. 31.

Dated: July 15, 2015